2013R00305/JWS/SAL

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2014 SEP -3 PM 12:20

CLERK'S OFFICE
AT BALTIMORE

BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | UNDER SEAL |
| v. | * | CRIMINAL NO. RDB-14-0411 |
| KEDRICK JENIFER, | * | |
| TYRONE ALLEN, | | (Conspiracy to Distribute and |
| BROOKE LUNN, | * | Possess with Intent to Distribute |
| TRACY MUSE, | | Cocaine, 21 U.S.C. § 846; |
| THOMAS SIMMONS, | * | Forfeiture, 21 U.S.C. § 853; |
| ANDRE BREWER, | | 28 U.S.C. § 2461(c); Fed. R. Crim. |
| MICHAEL WILLIAMS, | * | P. 32.2(a)) |
| KERMIT CLARK, and | | |
| WILLIAM HEGIE, | * | |
| Defendants. | * | |

...oOo...

## INDICTMENT

The Grand Jury for the District of Maryland charges:

From in or about September 2012, continuing through September 2014, in the District of Maryland,

> KEDRICK JENIFER,
> TYRONE ALLEN,
> BROOKE LUNN,
> TRACY MUSE,
> THOMAS SIMMONS,
> ANDRE BREWER,
> MICHAEL WILLIAMS,
> KERMIT CLARK, and
> WILLIAM HEGIE,

the defendants herein, did knowingly and intentionally combine, conspire, confederate, and agree with each other and others known and unknown to the Grand Jury to distribute and possess with intent to distribute five (5) kilograms or more of a mixture or substance containing a detectable

amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

21 U.S.C. § 846

## FORFEITURE

The Grand Jury further finds that:

1. Pursuant to 21 U.S.C. § 853, upon conviction of an offense in violation of the Controlled Substances Act, as alleged in the Indictment, the defendants shall forfeit to the United States of America:

   a. any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of any such violation; and

   b. any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

2. The property to be forfeited includes, but is not limited to, the following:

   a. Fifteen million dollars ($15,000,000.00) in United States currency and all interest and proceeds traceable thereto, in that such sum in aggregate was furnished or intended to be furnished in exchange for controlled substances and constitutes proceeds traceable to such exchanges and was used or intended to be used to facilitate a violation of the Controlled Substances Act, in violation of Title 21, United States Code, Section 881(a)(6).

3. If, as a result of any act or omission of a defendant, any such property subject to forfeiture:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third person;

   c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be subdivided

without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

21 U.S.C. § 853;
28 U.S.C. § 2461(c);
Fed. R. Crim. P. 32.2(a)

_____/jws
ROD J. ROSENSTEIN
UNITED STATES ATTORNEY

A TRUE BILL:

**SIGNATURE REDACTED**

FOREPERSON

DATE  9/3/2014

4